# Supreme Court of Texas

No. 21-0032

Galveston County Judge Mark Henry, Galveston County
Commissioner Darrell Apffel, Galveston County Commissioner
Joe Giusti, Galveston County Commissioner Stephen Holmes,
and Galveston County Commissioner Ken Clark, in their official
capacities as the Galveston County Commissioners Court,

*Petitioners*,

v.

Kimberly Sullivan, Judge, Probate Court of Galveston County,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

Justice Busby did not participate in the decision.

The primary issue in this case is whether a county commissioners court has authority to decide whether a statutory probate court judge receives a supplemental salary for serving as the local administrative statutory probate court judge. The trial court and the court of appeals

held that the law grants that authority to the statutory probate court judge, not the commissioners court. We disagree and reverse.

Kimberly Sullivan has served as judge of the Galveston County statutory probate court since 2011. Because Galveston County has only one statutory probate court, *see* TEX. GOV'T CODE § 25.0861(b), Sullivan also serves as the county's local administrative statutory probate court judge, pursuant to an administrative order issued by the statewide presiding judge of the state's statutory probate courts.[1]

The county pays Sullivan an annual salary for her service as the statutory probate court judge, in an amount set by the commissioners court within a range dictated by the Texas Government Code. *See id.* § 25.0023(a), (a-2). After assuming the bench in 2011, Sullivan submitted annual budgets for her court's operations to the commissioners court, each of which included a $5,000 supplemental salary for her services as the local administrative statutory probate court judge. The commissioners court approved county budgets containing the supplemental salary the first three years after Sullivan took office, but then struck that amount before approving the budget for the 2014-2015 fiscal year.

---

[1] *See* TEX. GOV'T CODE § 25.0022 (directing statutory probate court judges to elect a statewide presiding judge to oversee "the management of the statutory probate courts and the administration of justice"). The presiding judge's Administrative Order 2001-11 provides, "In a county that has one statutory probate court, the statutory probate court judge serves as the local administrative statutory probate court judge."

2

In response, Sullivan filed this suit against the commissioners court's members in their official capacities,[2] challenging both their authority and their decision to strike the supplemental salary. While this suit was pending, the commissioners again excluded the supplemental salary from the 2015-2016 budget, then approved budgets with the supplemental salary for the next two years, and then again excluded the supplemental salary from the 2018-2019 budget. Sullivan amended her pleadings to challenge the commissioners' actions for each of the three years they excluded the supplemental salary.

The commissioners initially filed a plea to the jurisdiction based on governmental immunity, which the trial court denied. On interlocutory appeal, the court of appeals affirmed the trial court's decision in part, holding that Sullivan adequately pleaded a claim that the commissioners abused their discretion by acting arbitrarily and capriciously when they struck the supplemental salary from the county budget. *Henry v. Sullivan*, 499 S.W.3d 545, 554 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). The court expressly did not reach the issue of whether Sullivan adequately pleaded that the commissioners lacked authority to strike the supplemental salary. *Id.* The court modified the trial court's order, however, to grant the commissioners' plea as to claims regarding the 2014-2015 budget because that fiscal year had ended by the time the court issued its decision. *Id.* at 557. The court reasoned that the trial court had jurisdiction only over Sullivan's

---

[2] The commissioners court is composed of the Galveston County Judge and the Galveston County Commissioners (collectively, the commissioners). *See* TEX. CONST. art. V, § 18(b).

claims that the commissioners acted ultra vires by striking the supplemental salary, but because ultra vires claims can only support prospective relief, the trial court lacked jurisdiction over claims seeking relief related to fiscal years that had ended. *Id.* (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376-77 (Tex. 2009)).

On remand following the interlocutory appeal, the trial court conducted a bench trial and then entered a final judgment in Sullivan's favor. The court concluded that the commissioners' failure "to follow Judge Sullivan's direction to pay" her the $5,000 supplemental salary was "ultra vires and beyond their granted authority" and thus "arbitrary and capricious." The court granted Sullivan declaratory relief and awarded her about $63,000 in attorney's fees and costs. The court of appeals affirmed the judgment, ___ S.W.3d ___, 2020 WL 5666525, at *9 (Tex. App.—Houston [14th Dist.] Sept. 24, 2020), and the commissioners petitioned for this Court's review.

We conclude that Texas law grants the commissioners the authority and discretion to decide whether to pay Sullivan a supplemental salary for her services as the local administrative statutory probate judge, and Sullivan failed to establish any basis to find the commissioners abused that discretion.

The Texas Constitution grants county commissioners courts "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." TEX. CONST. art V, § 18(b). These powers include the power to approve and adopt the county's annual budget. TEX. LOC. GOV'T CODE §§ 111.062-.070; *Henry v. Cox*, 520 S.W.3d 28, 36 (Tex. 2017) ("A core

4

component of [the commissioners court's] legislative function is the county budget-making process.").

As part of a county budget, the commissioners must "set the total annual salary of each judge of a statutory probate court." TEX. GOV'T CODE § 25.0023(a); *see Henry*, 520 S.W.3d at 36-37 (explaining that district courts have constitutional and inherent authority to ensure that commissioners courts pay county employees sufficiently to ensure the "proper administration of justice," but noting that "a court may not usurp legislative authority by substituting its policy judgment for that of the commissioners court acting as a legislative body"). When Sullivan filed this suit, the statute required that the salary be "an amount that is at least equal to the annual salary received by a district judge in the county." TEX. GOV'T CODE § 25.0023(a).[3]

---

[3] The Legislature amended the statute in 2019 to also impose a maximum amount, adding a new subsection limiting the judge's "total annual salary" to "$1,000 less than the sum of the maximum combined annual salary from all state and county sources paid to a district judge" who has accrued at least eight years of service and who is entitled to certain longevity pay. TEX. GOV'T CODE § 25.0023(a-2) (as amended by Act of May 27, 2019, 86th Leg., R.S., ch. 1121, § 5, 2019 Tex. Gen. Laws 3169, 3170). The amendments also defined "total annual salary" to include "any state or county contributions and supplements paid to the judge," except for contributions paid to the statewide presiding statutory probate court judge under Section 25.0022(e). *Id.* § 25.0023(a).

As we note throughout this opinion, the Legislature amended many of the relevant statutes in 2019 and 2021. We will cite to and apply the former versions as they existed when Sullivan filed and the trial court decided this case, while noting the recent amendments for clarity. To the extent any of the amendments may have mooted any claims or issues in this case (an issue we do not decide), Sullivan's recovery of attorney's fees and costs prevents this appeal from being moot, as we must decide the merits based on the then-

The counties must pay the judges' salaries using county treasury funds, *see, e.g.*, *id.* § 25.0862(g), but the state reimburses the counties for a portion of those salaries, *id.* § 25.00211(a).[4] The state pays these reimbursements from the state's "judicial fund," which is a "separate fund in the state treasury." *Id.* § 21.006. The state judicial fund includes monies each county's statutory probate courts collect as fees and remit to the state comptroller. TEX. LOC. GOV'T CODE §§ 133.004(7), .051-.055, .151. By law, the judicial fund can be used only "for court-related purposes for the support of the judicial branch of this state." TEX. GOV'T CODE § 21.006.

In addition to reimbursing counties for a portion of their statutory probate court judges' salaries, the state provides counties with additional funds if, in any given fiscal year, the combined amount the state receives from the state's statutory probate courts exceeds the combined amount it pays to the counties for the statutory probate court judges' salaries. *Id.* § 25.00212(a). The amounts the state pays the counties—both to reimburse a portion of the statutory probate court judges' salaries and as any additional amounts paid when the state receives more than it pays toward the judges' salaries—must be paid "to

---

applicable law to determine whether that award was proper. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7-8 (Tex. 2018).

[4] When Sullivan filed this lawsuit, Texas law required the state to reimburse counties $40,000 per statutory probate court judge. Act of May 31, 1999, 76th Leg., R.S., ch. 1572, § 2, 1999 Tex. Gen. Laws 5404, 5405. In 2021, the Legislature amended the statute to change the amount to "60 percent of the annual base salary the state pays to a district judge." TEX. GOV'T CODE § 25.00211(a) (as amended by Act of May 31, 2021, 87th Leg., R.S., ch. 934, § 2.01, 2021 Tex. Gen. Laws 2378, 2379).

the county treasury for deposit in" each county's "contributions fund." *Id.* §§ 25.00211(b), .00212(b).

A "contributions fund" is a fund created within the treasury of each county that "collects the additional fees under Section 51.704." *Id.* § 25.00213(a). Before recent amendments, Section 51.704 required statutory probate court clerks to collect—in addition to "all other fees required or authorized by other law"—a $40 filing fee in each probate, guardianship, mental health, or civil case filed in the court, "to be used for court-related purposes for the support of the judiciary." *Id.* § 51.704(a). The law required each county to remit the funds collected through this fee, along with general filing fees collected under Chapter 118 of the Local Government Code, to the state comptroller for deposit in the state judicial fund. *Id.* § 51.704(c); *see also* TEX. LOC. GOV'T CODE §§ 118.052(2), 133.051, .052, .055.[5]

Funds maintained within a county's contributions fund "may be used only for court-related purposes for the support of the statutory probate courts in the county, including for the payment of the compensation of a statutory probate court associate judge in accordance

_____

[5] In 2021, the Legislature repealed Section 51.704 and amended numerous other statutes to delete and replace references to that section. *See* Act of May 31, 2021, 87th Leg., R.S., ch. 472, § 2.02-.04, 5.01(c)(9), 2021 Tex. Gen. Laws 934, 940-41, 950. Instead of separately addressing the filing fees to be charged by each type of court (as Section 51.704 did for statutory probate courts), the Legislature amended Section 133.004 and added Chapter 135 of the Local Government Code to establish a consolidated civil filing fee to be charged by all civil courts, including each "statutory county court, statutory probate court, or county court," and paid directly to the state comptroller or treasury. *See* TEX. LOC. GOV'T CODE §§ 118.052, 133.004, .051, .151, 135.051, .102, .151 (as amended by Act of May 31, 2021, 87th Leg., R.S., ch. 472, § 1.01-.03, 3.02, 2021 Tex. Gen. Laws 934, 934-36, 943).

with Section 54.605." TEX. LOC. GOV'T CODE § 25.00213(b). Keying on this language, Sullivan argues that the commissioners have no authority over the contributions fund and must approve the expenditures she proposes from that fund, so long as those expenditures are "for court-related purposes for the support of the statutory probate courts." The trial court agreed, concluding that the commissioners had no "authority over payment made from the contributions [fund] other than to determine whether or not the payment was 'for court related purposes.'" And because the commissioners struck Sullivan's proposed salary supplements without first determining whether they were for a court-related purpose, the trial court concluded the commissioners' decision was both ultra vires and arbitrary and capricious. The court of appeals also agreed that Texas law required the commissioners to make a threshold determination of whether the $5,000 request was for "court-related purposes" before they could deny the request. ___ S.W.3d at ___, 2020 WL 5666525, at *6-8.

We conclude the courts below misconstrued the relevant statutes. Because Section 25.00213(b) limits the use of the contributions fund to "court-related purposes for the support of the statutory probate courts in the county," we agree that the commissioners cannot *authorize* an expenditure from that fund unless they first determine that the expenditure will serve such a purpose. But nothing in the statute *requires* the commissioners to make or approve an expenditure from the contributions fund simply because it is for a court-related purpose. And nothing in the statute prohibits the commissioners from eliminating an expenditure on other grounds *before* or *without* determining whether the

8

funds will be spent for court-related purposes.  As a result, the trial court's finding that the commissioners did not make a determination regarding the purposes for Sullivan's proposed $5,000 salary supplements before they *eliminated* those expenditures from Sullivan's proposed budget is irrelevant.

Sullivan's contentions and the lower courts' holdings suffer from the misconception that a statutory probate court judge, rather than the commissioners, has the authority to decide how to spend funds in the county's contributions fund.  Sullivan argues, for example, that the commissioners' authority extends only to the "county budget," and that the contributions fund is not a part of the county budget.  Instead, she contends, county contributions funds are "specially created, dedicated funds" that contain only state monies and are outside the commissioners' control.

The statutes, however, do not support that contention.  The statutes do provide that the amounts the state pays to the county from the judicial fund to reimburse a portion of the statutory probate court judges' salaries under Section 25.00211 and as excess funds under Section 25.00212 must be deposited into the county's contributions fund, TEX. GOV'T CODE §§ 25.00211(b), .00212(b),[6] and that the contributions fund "may be used only for court-related purposes for the support of the statutory probate courts in the county," *id.* § 25.00213(b).  But the contributions fund belongs to the county, not to the county's statutory

---

[6] *See also* TEX. LOC. GOV'T CODE § 113.021(b) ("The county treasurer shall deposit the money in the county depository *in the proper fund* to the credit of the person or department collecting the money." (emphasis added)).

probate courts. The statutory probate courts collect fees, which the county delivers to the state for deposit into the state's judicial fund, and the state then pays funds "*to the county treasury* for deposit in" the county's contributions fund. *Id.* §§ 25.00211(b), .00212(b) (emphasis added). The contributions fund exists "*in the county treasury*." *Id.* § 25.00213(a) (emphasis added).

Only the commissioners court has power and jurisdiction over funds in the county treasury, as part of the "county business." TEX. CONST. art. V, § 18. Only the commissioners court can approve the county's budget, which must include "the cash on hand to the credit of *each fund* of the county government" and amounts "received from *all sources* during the preceding fiscal year," TEX. LOC. GOV'T CODE § 111.034(b) (emphases added), as well as all "expenditures from the *various funds* of the county," *id.* § 111.068(b) (emphasis added). When reviewing a proposed budget, the commissioners court has discretion to "make any changes in the proposed budget that it considers warranted by the facts and law and required by the interest of the taxpayers," so long as the budgeted expenditures "from the various funds of the county" do not exceed the balances and anticipated revenue "in those funds." *Id.* § 111.039(b). Once the commissioners court approves a county budget, it may generally spend its funds "only in strict compliance with the budget." *Id.* § 111.070(a).[7]

---

[7] The statute permits an exception in the case of a "grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.070(b).

No statute grants a statutory probate court judge power or jurisdiction over the county contributions fund. Nor does any statute require a commissioners court to make expenditures from the contributions fund to supplement a statutory probate court judge's salary, either at the direction of a statutory probate court judge or otherwise. Instead, the statutes grant the commissioners court the authority to approve expenditures from the contributions fund in the exercise of its budgetary discretion.

In short, the county's contributions fund exists as part of the county treasury, and the law grants the commissioners court the authority and discretion to decide whether and how to spend those funds, subject only to the limitation that they may be spent only for "court-related purposes for the support of the statutory probate courts." TEX. GOV'T CODE § 25.00213(b). As a result, the commissioners could not have acted ultra vires by declining to spend the funds on Sullivan's proposed salary supplements.[8] *See Heinrich*, 284 S.W.3d at 372 (explaining that government officials act ultra vires only when they fail to perform a ministerial act or act without legal authority).

As noted, Sullivan pleaded not only that the commissioners acted ultra vires, but also that their decision to eliminate her salary

---

[8] In addition to arguing that the trial court and court of appeals misconstrued the statutes, the commissioners also argue that the courts' holdings violate the constitutional separation of powers among the political branches by granting to a member of the judicial branch the legislative power to appropriate public funds. Because we can resolve this case on statutory grounds, we need not and do not address the commissioners' constitutional arguments. *See Phillips v. McNeill*, 635 S.W.3d 620, 630 (Tex. 2021) (citing *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003)).

11

supplements was arbitrary and capricious. More specifically, she asserted her belief that the commissioners made the decision, at least in part, as political retribution in response to news articles criticizing Sullivan for spending county funds to attend out-of-state continuing-education courses.[9] The trial court, however, made no such finding. Although it did issue a conclusion of law that the commissioners' decision "was arbitrary and capricious," its final judgment based that conclusion only on its conclusion that the commissioners had no "authority" over payments made from the contributions fund. Because the statutes do not support that conclusion, we must also reject the trial court's conclusion that the commissioners' decision was arbitrary and capricious.

Sullivan failed to establish that the commissioners acted outside their statutory authority or abused their discretion by denying her requests for salary supplements from the county's contributions fund. We therefore grant the commissioners' petition for review, without hearing oral argument pursuant to Texas Rule of Appellate Procedure 59.1, and reverse the court of appeals' judgment and render judgment dismissing Sullivan's claims against the commissioners.

**OPINION DELIVERED:** October 7, 2022

---

[9] We express no opinion on whether such an allegation, if proven, would support the judicial invalidation of the commissioners' budgetary decisions.